**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MICHAEL BRADSHAW**                                                          **PLAINTIFF**

**V.**                                           **NO. 1:10CV336-A-S**

**DOLPH BRYANT, et al.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that the Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

The Plaintiff, an inmate currently housed at the Oktibbeha County Jail, complains that on December 21, 2010, he did not receive a meal. The Plaintiff does not allege any physical injury but, nevertheless seeks monetary damages.

The Prison Litigation Reform Act provides in part, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his assertions, the Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state claim of a constitutional nature. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Moreover, the Plaintiff does not contend that he has been routinely or regularly denied meals. Rather, on one occasion he was not served a meal appears to be an oversight or in legal terms simple negligence which is insufficient to state a claim for § 1983 relief. *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (negligent conduct is not actionable).

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since the Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, the Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 21st day of February, 2011

             **/s/ Sharion Aycock**
             **U.S. DISTRICT JUDGE**